UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, | CIV. NO. 20-00096 LEK-KJM |
| Plaintiff, | |
| vs. | |
| LANCE MARKS, RANDY ESPERANZA, COUNTY OF MAUI, | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT FILED ON FEBRUARY 27, 2020**

On April 16, 2020, Defendants Lance Marks ("Marks"),
Randy Esperanza ("Esperanza"), and the County of Maui ("the
County" and collectively "Defendants") filed their Motion to
Dismiss Complaint Filed on February 27, 2020 ("Motion"). [Dkt.
no. 7.] Defendants filed a supplemental memorandum in support
of the Motion ("Supplement") on May 28, 2020.[1] [Dkt. no. 18.]
Pro se Plaintiff Chris Grindling ("Grindling") filed his "Answer
to Motion to Dismiss" on April 23, 2020, and his "Memorandum in
Opposition to Motion for Dismissal" on May 30, 2020. [Dkt.
nos. 12, 19.] The Court finds this matter suitable for
disposition without a hearing pursuant to Rule LR7.1(c) of the
Local Rules of Practice for the United States District Court for

---

[1] Defendants were ordered to supplement the Motion. <u>See</u>
Order, filed 4/22/20 (dkt. no. 10) ("4/22/20 Order"), at 2.

the District of Hawaii ("Local Rules").  For the reasons set forth below, Defendants' Motion is hereby granted, and this action is dismissed with prejudice.  In other words, Grindling will not have the opportunity to file an amended complaint.

<u>BACKGROUND</u>

On February 27, 2020, Grindling filed his Prisoner Civil Rights Complaint ("Complaint").[2]  [Dkt. no. 1.]  Grindling is suing Marks and Esperanza in their individual capacities and in their official capacities as vice officers for the Maui Police Department ("MPD").  He is suing the County as the operator of MPD.  [Complaint at pgs. 1-2, ¶¶ 3-5.]  The Complaint alleges the following claims: a 42 U.S.C. § 1983 claim asserting Grindling was wrongfully imprisoned after an improper search and seizure, in violation of the Fourth Amendment of the United States Constitution ("Count I"); tort claims asserting intentional infliction of emotional distress, false imprisonment, and abuse of power ("Count II"); and a conspiracy claim based on the alleged withholding of evidence ("Count III").

---

[2] Although Grindling used the district court's form for civil rights complaints brought by prisoners, Grindling was not incarcerated at the time he filed the Complaint.  <u>See</u> Complaint at pg. 1 (stating Grindling's address).

Grindling alleges "Defendants comitted Purgury [sic] submitting false affidavits" in order to obtain a search warrant for his home. [Id. at pg. 5, ¶ 3.]  According to Grindling, Defendants did not find any drugs in his home.  [Id. at pg. 6, ¶ 3.]  Defendants allegedly "Planted Drugs into evidence 5 months later," claiming an informant, Laurie Flores, purchased the drugs from Grindling.[3]  [Id. at pg. 5, ¶ 3.]  Grindling states Defendants found the drugs, along with drug paraphernalia, in Cheyanne Gomes's purse, which was found in a truck parked in the driveway of Grindling's home.  [Id. at pg. 6, ¶ 3.]

Grindling alleges that it would have been impossible for Ms. Flores to purchase drugs from him because she did not know what his telephone number was or where he lived.  [Id. at pg. 5, ¶ 3.]  According to Grindling, because he was wrongfully convicted, he spent "9 years in Solitary Confinement" and lost his family, who either died or moved away.  [Id. at pg. 5, ¶ 4; id. at pg. 6, ¶ 4.]  Ultimately, "the case got thrown out [and] Defendants declined to prosecute June 2019."  [Complaint at pg. 6, ¶ 3.]

---

[3] The purchase allegedly occurred on August 29, 2006 or 2007.  See Complaint at pg. 5, ¶ 3.  It is unclear from the Complaint whether Grindling intended to write 2006 or 2007.

In the Motion, Defendants argue the claims in this case must be dismissed with prejudice because: 1) the res judicata doctrine bars Grindling from relitigating the claims in the current case after the proceedings in Grindling v. Marks, et al., CV 19-00448 JAO-KJM ("CV 19-448"); 2) the claims in the current case are time-barred; 3) Grindling has failed to plead plausible claims for relief; and 4) Grindling has failed to exhaust his administrative remedies.  Defendants' Supplement was filed in response to this Court's order to identify the specific criminal case described in the Complaint and to address whether Grindling's conviction in that case was reversed or otherwise vacated.  See 4/22/20 Order at 2.

I.   **State Court Proceedings**

Defendants assert the Complaint refers to State v. Grindling, Cr. No. 07-1-0533(2) ("State Prosecution"), in which a Felony Information was filed in the State of Hawai`i Second Circuit Court ("State Second Circuit") on August 31, 2007 ("State Information").  [Suppl. at 2; id., Decl. of Peter A. Hanano ("Hanano Suppl. Decl."), Exh. A (State Information).] The State Information charged Grindling with: one count of possession of a dangerous drug in the third degree, in violation of Haw. Rev. Stat. § 2-1243(1); and one count of prohibited acts related to drug paraphernalia, in violation of Haw. Rev. Stat. § 329-43.5(a).  Both offenses were alleged to have occurred on

4

August 30, 2007.  [Hanano Suppl. Decl., Exh. A.]  A jury trial was held from August 4 to 6, 2008, and the jury found Grindling guilty as to both counts.  [Id., Exh. C (State Prosecution docket sheet) at 14-17.]  The judgment was entered on November 6, 2008.  [Id. at 19.]  The judgment was affirmed on appeal.  State v. Grindling, No. 29307, 2010 WL 1020355 (Hawai`i Ct. App. Mar. 19, 2010).

On April 4, 2012, Grindling filed a petition for post-conviction relief, pursuant to Haw. R. Penal P. 40, in the State Second Circuit.  Grindling v. State, S.P.P. No. 12-1-0007(3). The circuit court ultimately granted Grindling's petition and ordered a new trial.  The Hawai`i Intermediate Court of Appeals ("ICA") vacated the circuit court's order and remanded the Rule 40 case for further proceedings.  See Grindling v. State, 144 Hawai`i 444, 448-49, 445 P.3d 25, 29-30 (2019).  The Hawai`i Supreme Court, however, vacated the ICA's Judgment on Appeal and affirmed the portion of the circuit court's order ordering a new trial.  Id. at 454, 445 P.3d at 35.

The supreme court's opinion was issued on June 13, 2019 and filed in the State Prosecution on the same date.  See Hanano Suppl. Decl., Exh. F (version of the supreme court's opinion filed in the State Prosecution).  On August 13, 2019, the State Prosecution was dismissed with prejudice.  [Hanano Suppl. Decl., Exh. H (Motion to Dismiss with Prejudice, filed by

the State of Hawai`i and approved and so ordered by the circuit
court).]

## II. <u>CV 19-448</u>

Shortly after the dismissal of the State Prosecution,
Grindling brought CV 19-448 against the same Defendants named in
the instant case.  <u>See</u> CV 19-448, Civil Complaint ("CV 19-448
Complaint"), filed 8/19/19 (dkt. no. 1).  The allegations in the
CV 19-448 Complaint were similar to those in the instant case,
including: Defendants lied in a search warrant application
regarding Laurie Flores's attempt to purchase drugs from
Grindling; Defendants planted drugs and drug paraphernalia
obtained from Cheyanne Gomes in Plaintiff's home; and Grindling
was wrongfully convicted as a result of these and other actions.
[<u>Id.</u> at pgs. 1-3.]  Grindling stated he "was granted a new
trial," but the prosecutor "[r]efused to allow the matter to go
to trial."  [<u>Id.</u> at pg. 3.]

On August 28, 2019, an order was issued dismissing the
CV 19-448 Complaint with leave to amend.  [CV 19-448, dkt.
no. 4.[4]]  The district court noted Grindling "complain[ed] about

---

[4] The CV 19-448 Complaint and the August 28, 2019 order are
attached to the Motion as Exhibits A and B, respectively, to the
Declaration of Peter A. Hanano ("Hanano Motion Declaration").

(. . . continued)

events that occurred approximately 13 years ago," and his claims based on those events were likely time-barred.  [Id. at 3-5.]

Grindling filed his First Amended Complaint on September 5, 2019.  [CV 19-448, dkt. no. 5 ("CV 19-448 Amended Complaint").[5]]  In a September 18, 2019 order, the CV 19-448 Amended Complaint was dismissed with leave to amend. [CV 19-448, dkt. no. 6.]  The district court noted "the addition of factual information provide[d] some clarity," but concluded the claims alleged were still deficient because Grindling did "not provide[] facts or law explaining how Defendants are responsible for causing harm with respect to each cause of action" alleged in the CV 19-448 Amended Complaint.  [Id. at 4.] The district court granted Grindling leave to file a second amended complaint by October 18, 2019, but the district court cautioned Grindling that the second amended complaint would be his final opportunity to cure the defects in his claims.  [Id. at 6.]

Grindling subsequently filed a motion for appointment of counsel, but the motion was denied.  [CV 19-448, dkt. nos. 7, 8.]  He then filed a motion for an extension of time to file his second amended complaint to allow him to try to hire an

---

[5] The CV 19-448 Amended Complaint is Exhibit C to the Hanano Motion Declaration.

attorney, but that motion was also denied.  [CV 19-448, dkt. nos. 9, 10.]

On October 18, 2019, instead of filing a second amended complaint, Grindling filed a motion to stay the case until he could save enough money to hire an attorney.  [CV 19-448, dkt. no. 11.]  An entering order denying Grindling's motion to stay was also filed on October 18, and an order dismissing the action was issued on October 30, 2019.  [CV 19-448, dkt. nos. 13, 14.[6]]  Final judgment was also entered on October 30. [CV 19-448, Judgment in a Civil Case, dkt. no. 15 ("CV 19-448 Judgment").]  No appeal was filed.

## DISCUSSION

I.  **Res Judicata**

Federal common law applies to the issue of whether the CV 19-448 Judgment has a res judicata effect on Grindling's claims in the instant case.  See Int'l Bhd. of Teamsters v. U.S. Dep't of Transp., 861 F.3d 944, 955 (9th Cir. 2017).

> Res judicata, also known as "claim preclusion," "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in [a] prior action.'" Media Rights Techs.[, Inc. v. Microsoft Corp.,], 922 F.3d [1014,] 1020 [(9th Cir. 2019)] (internal citation omitted).  It applies when there is: (i) an identity of claims between the prior and subsequent actions; (ii) a final judgment on the

---

[6] The October 30, 2019 order is Exhibit D to the Hanano Motion Declaration.

merits; and (iii) identity or privity between the parties.  Id. at 1020–21. . . .

In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig. ("NCAA"), 958 F.3d 1239, 1255 (9th Cir. 2020) (some alterations in NCAA).  As the party seeking the application of the res judicata doctrine in this case, Defendants bear the burden of establishing each of the three elements.  See id.

There is clearly a final judgment on the merits in CV 19-448, and the instant case and CV 19-448 have the same parties.  Thus, the second and third res judicata elements are met.  As to the first element, the CV 19-448 Amended Complaint did not identify numbered counts.  Instead, Grindling listed his claims in the first paragraph, stating: "This civil action for Damages alleging denied due process false imprisonment conspiracy negligent infliction of emotional distress failure to supervise this Court has Jurisdiction under 42 USC 1983, [28 USC] 1331, [28 USC] 1343 and 28 USC 1367."  [CV 19-448 Amended Complaint at pg. 1.]  The CV 19-448 Complaint was similar, except that it alleged abuse of process.  [CV 19-448 Complaint at pg. 1.]  As previously stated, the factual basis for Grindling's claims in CV 19-448 was the same as the factual basis for the claims in the instant case.  Like the CV 19-448 Complaint, Count II in the instant case alleges an abuse of

process claim.  Further, the CV 19-488 Complaint, the CV 19-448 Complaint, and Count III in the instant case all alleged a conspiracy claim.  <u>See</u> Complaint at pgs. 6, 11-12.[7]  Thus, there is an identity of claims as to Count III and the portion of Count II alleging abuse of process.

The two CV 19-448 complaints and Count I in the instant case all allege a § 1983 claim for false imprisonment, in violation of Grindling's constitutional rights.  But, the claims in the CV 19-448 complaints were based on due process, while the claim in Count I in the instant case is based on illegal search and seizure.  <u>Compare</u> CV 19-448 Complaint at pg. 1, <u>and</u> CV 19-448 Amended Complaint at pg. 1, <u>with</u> Complaint at pg. 5.  Further, while the CV 19-448 complaints alleged **negligent** infliction of emotional distress ("NIED") claims, Count II in the instant case alleges an **intentional** infliction of emotional distress ("IIED") claim, and Count II in the instant case alleges a false imprisonment claim under tort law that Grindling did not allege in CV 19-448.  <u>Compare</u> CV 19-448 Compliant at pg. 1, <u>and</u> CV 19-448 Amended Complaint at pg. 1, <u>with</u> Complaint at pg. 6.  Thus, Count I and the portion of Count II alleging IIED and false imprisonment do not allege claims that were raised in CV 19-448.  However, the res judicata

---

[7] The page numbers of the Complaint are not consecutive.

doctrine applies to "claims that were raised **or could have been raised** in" CV 19-448.  See NCAA, 958 F.3d at 1255 (emphasis added) (citation and quotation marks omitted).  Because Grindling's current search and seizure claim, IIED claim, and false imprisonment tort claim are based on facts that were known to him while CV 19-448 was pending, he could have raised those claims in CV 19-448.  Thus, even though he did not allege those specific claims in CV 19-448, because he **could have** alleged those claims, there is an identity of claims for purposes of the res judicata analysis.

This Court must therefore conclude that the first res judicata element is met as to all the claims alleged in Grindling's current Complaint.  Because all three of the res judicata elements are met, the res judicata doctrine bars Grindling from litigating the claims alleged in the instant case.  Grindling argues it is unfair to conclude that the claims in this case are identical to the claims in CV 19-448 because the district court in CV 19-448 ruled that he failed to state a claim and denied the motions he filed in seeking an attorney.  Grindling's frustration with the outcome of CV 19-448 and CV 19-448's effect on the current case is understandable.  However, "[r]es judicata is not a discretionary doctrine."  See Caprio v. Hartford Life Ins. Co., No. C 08-338 CW, 2008 WL 1766747, at *2 (N.D. Cal. Apr. 15, 2008) (citing Southern Ry. Co. v. Clift, 260

11

U.S. 316, 319, 43 S. Ct. 126, 67 L. Ed. 283 (1922) (noting that res judicata "supersedes [discretion] and compels judgment") (alteration in Caprio)); see also United States v. Miller, 822 F.2d 828, 832 (9th Cir. 1987) ("The difference between the law of the case and res judicata is that 'one directs discretion, the other supersedes it and compels judgment.'" (quoting Southern Ry. Co. v. Clift, 260 U.S. 316, 319, 43 S. Ct. 126, 126, 67 L. Ed. 283 (1922))).  Therefore, even if the application of the res judicata doctrine appears to be unfair, this Court cannot ignore the doctrine.

Grindling's Complaint must be dismissed for failure to state a claim upon which relief can be granted because all the claims in the Complaint are barred by the res judicata effect of the final judgment in CV 19-448.  See Fed. R. Civ. P. 12(b)(6) (stating "a party may assert the following defenses by motion . . . (6) failure to state a claim upon which relief can be granted").

## II.  **Whether Leave to Amend Should Be Granted**

Grindling is proceeding pro se, and therefore his Complaint and other filings must be construed liberally, and his claims may only be dismissed if there is no doubt that he is unable to prove any set of facts which would entitle him to relief.  See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).  "Dismissal of a *pro se* complaint

without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. (citation and quotation marks omitted). Because the disposition of Grindling's claims in this case is dependent upon the claims in, and the outcome of, CV 19-448, it is absolutely clear that Grindling cannot cure the deficiencies in the current Complaint by amendment.  Grindling's Complaint must therefore be dismissed with prejudice, in other words, without leave to amend.[8]

### CONCLUSION

On the basis of the foregoing, the Motion to Dismiss Complaint Filed on February 27, 2020, which Defendants filed on April 16, 2020, is HEREBY GRANTED, and Grindling's Prisoner Civil Rights Complaint is DISMISSED WITH PREJUDICE.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment in favor of Defendants and close the case fifteen days after this Order is filed, unless Plaintiff files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

---

[8] In light of these rulings, it is not necessary to address the other arguments raised in Defendants' Motion.

DATED AT HONOLULU, HAWAII, July 20, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CHRIS GRINDLING VS. LANCE MARKS, ET AL.;CIVIL NO. 20-00096 LEK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED ON FEBRUARY 27, 2020